## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

LEODAN ALARCON-CHAVEZ,

               Petitioner,

vs.

THE STATE OF NEBRASKA, and
SCOTT FRAKES, Director of the
Nebraska Department of Corrections;

               Respondents.

**8:17CV345**

**MEMORANDUM AND ORDER**

This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Leodan Alarcon-Chavez's ("Petitioner" or "Alarcon-Chavez") motion for post-judgment relief under Rule 60(a) and (b) of the Federal Rules of Civil Procedure. (Filing 35.) The motion will be dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive petition under § 2254.

## I. BACKGROUND

On October 1, 2018, the court dismissed Alarcon-Chavez's Petition for Writ of Habeas Corpus which challenged his 2011 conviction, after a jury trial, for first degree murder, use of a deadly weapon to commit a felony, and tampering with a witness. (Filings 22 & 23.) The court rejected Claims One, Three, and Four of Alarcon-Chavez's petition on the merits; determined that Claim Two was not cognizable in a federal habeas action; and found that Claim Five was procedurally defaulted without cause or prejudice to excuse the default. (Filing 22 at CM/ECF pp. 17–43.) The court declined to issue a certificate of appealability as did the Eighth Circuit Court of Appeals, which dismissed Alarcon-Chavez's appeal. (Filing 33.)

On October 2, 2019, Alarcon-Chavez filed the present motion seeking relief from the court's judgment under Rule 60(a) and (b)(2) of the Federal Rules of Civil Procedure based on "[c]lerical mistakes, and newly discovered evidence . . . that was not available at the time of trial." (Filing 35 at CM/ECF p. 2.) However, Alarcon-Chavez does not identify any "clerical mistakes" he seeks to correct, nor does he present any "newly discovered evidence." Rather, he raises the identical claims and supporting arguments presented in his habeas petition. (*Compare* Filing 1 at CM/ECF pp. 22–65 *with* Filing 35 at CM/ECF pp. 22–64.)

## II. DISCUSSION

### A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of

2

conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

## B. Petitioner's Motion is a Successive Petition

Alarcon-Chavez's motion reasserts the claims previously raised in his habeas petition regarding violations of his constitutional rights based on (1) improper jury instructions, (2) the denial of his motion to suppress, (3) inflammatory remarks during the prosecution's closing argument and rebuttal, (4) ineffective assistance of counsel, and (5) his inability to understand one of the trial court Spanish interpreters.

Clearly, the grounds Alarcon-Chavez raises constitute claims because they assert a basis for relief from his state conviction or attack the court's previous resolution of the claim on the merits. *See Gonzalez*, 545 U.S. at 532. As a result, Alarcon-Chavez's motion must be treated as a second or successive petition under § 2254. *See Ward*, 577 F.3d at 933. Alarcon-Chavez is limited to one habeas corpus petition in this court per conviction, unless the Eighth Circuit Court of Appeals grants him permission to file a second or successive habeas corpus

petition relating to the same conviction. *See* 28 U.S.C. § 2244(b). Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, the court will dismiss Alarcon-Chavez's motion pursuant to 28 U.S.C. § 2244(b).

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     Petitioner's motion under Fed. R. Civ. P. 60(a) and (b) (filing 35) is reclassified as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.

2.     Petitioner's motion (filing 35) is dismissed with prejudice.

3.     The court will not issue a certificate of appealability in this matter.

4.     A separate judgment will be entered in accordance with this Memorandum and Order.

5.     Petitioner's correspondence (filing 36), docketed as a motion for status, is denied as moot.

4

Dated this 23rd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge